**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-4070

_____

DAVID ODION OSAWE,
                                        Petitioner

v.

*ATTORNEY GENERAL OF THE UNITED STATES;
*SECRETARY OF DEPARTMENT OF HOMELAND SECURITY;
*ASSISTANT SECRETARY OF BUREAU OF
IMMIGRATION & CUSTOMS ENFORCEMENT

*Amended pursuant to Fed. R. App. P. 43(c)
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-467-956)
Immigration Judge:  Honorable Annie S. Garcy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 20, 2012

Before:  AMBRO, FISHER and NYGAARD, Circuit Judges

(Filed: March 20, 2012)

_____

OPINION

_____

PER CURIAM

David Odion Osawe, proceeding pro se, petitions for review of the Board of

Immigration Appeals's ("BIA") final order of removal. For the reasons that follow, we

will deny the petition.

I.

Osawe, a native and citizen of Nigeria, entered the United States in February 2000.

In March 2009, the Department of Homeland Security initiated removal proceedings

against him, charging him with being removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i)

for having entered the United States without being admitted or paroled. In August 2009,

a master calendar hearing was held before an Immigration Judge ("IJ"). At that hearing,

Osawe conceded his removability and indicated that he was applying for withholding of

removal and relief under the Convention Against Torture ("CAT"). The IJ scheduled

Osawe's merits hearing for April 7, 2010.

On March 29, 2010, Osawe, through counsel, moved to continue his merits

hearing in light of his having recently filed an I-360 petition with United States

Citizenship and Immigration Services. In that petition, he sought immigrant status based

on his claim that he had been abused by his United States-citizen wife. At the beginning

of the April 7, 2010 hearing, the IJ denied the motion. In doing so, she explained that

> I don't see that good cause [to continue the case] has been established
> because the [I-360] application that you're filing, probably because it's
> come up so late in the day, isn't even supported with any objective
> evidence, you know, to make it convincing. There's -- I don't see a police
> report, I don't see a psychological report, I don't see an affidavit even from
> [Osawe], much less from someone that he knows, about what -- how he

2

thinks he was mistreated by his spouse. So, you know, it just -- you don't have presented here today a basic prima facie case that I think would be able for me . . . to conclude that you've even established a prima facie case of eligibility that would justify, you know, adjourning the case.

(A.R. at 101.)

After Osawe's motion to continue was denied, the focus of the hearing turned to his application for withholding of removal and CAT relief. Osawe testified that his father had been the "tribal leader" of Osawe's native village in Nigeria. When Osawe's father passed away in 1999, that leadership position was supposed to pass to Osawe. Osawe did not want to assume that position, however, because doing so would have required him to participate in rituals involving animal sacrifices, which conflicted with his Christian beliefs. As a result, Osawe told the members of his tribal group that he would not assume that position. He then moved to another part of Nigeria. Thereafter, the tribal group sent four men to meet with him in an attempt to convince him to change his mind. After reiterating to the men that he would not assume the leadership position, Osawe walked out of the meeting. He later departed Nigeria and ultimately made his way to the United States. He testified that he believed the tribal group is now overseen by a council instead of a single leader.

Osawe, through counsel, explained that he feared that, if he returned to Nigeria, the tribal group would persecute him on account of his Christian religion and "the fact that he belonged to that tribe." (Id. at 137.) Upon the conclusion of Osawe's testimony, the IJ denied his application. The IJ "easily" found that Osawe had not been persecuted in the past in Nigeria. (Id. at 14.) The IJ then rejected Osawe's claim of future

3

persecution, finding, inter alia, that (1) he had not shown that he was a member of a "particular social group"; (2) "there is no evidence that the members of [his] tribe want to harm [him] in any way"; (3) "[e]ven if it might be argued that [he] might be forced to serve in the capacity of tribal chief against his will, nothing in the record demonstrates that [he] has asked any member of his own government to try to protect him"; and (4) "over the [last] decade the tribe has adjusted, has reconfigured, and is now being led by a council," and it appears that he "now stands rejected from his tribe and, frankly, is not being sought out as a leader anymore." (Id. at 21-22, 24.) Finally, the IJ found that Osawe had failed to meet his burden for CAT relief.

Osawe, still represented by counsel, appealed the IJ's decision to the BIA. In October 2011, the BIA dismissed the appeal. The BIA rejected Osawe's challenge to the IJ's denial of his motion to continue, concluding that he "did not show actual prejudice from the denial of his request, and [that] the [IJ] did not err in determining that [he] lacked good cause for a continuance." (Id. at 4.) In reaching this conclusion, the BIA found that Osawe "has not demonstrated prima facie eligibility for the relief sought [in his I-360 petition], as he failed to submit any evidence detailing the nature of his claim, such as a police report or documents regarding medical or psychological treatment for spousal abuse." (Id. at 3.)

Turning to Osawe's claim for withholding of removal, the BIA noted that he challenged only the IJ's failure to find *future* persecution. The BIA rejected this challenge, concluding that Osawe had

4

failed to establish that his tribal group would specifically target him because of his Christian religion, rather than attempt to install him as a hereditary chief. Likewise, [he] failed to establish his membership in a particular social group. Instead, the record evidence points to his status as a unique individual who is entitled to a leadership role. Additionally, [he] would be identified not because of some defining characteristic, but because he decided not to accept a leadership position. Moreover, no evidence indicates that a decade later, the tribe would still want [him] as its leader – the tribe has since transitioned to a council form of leadership.

(Id. at 4 (citations omitted).)

Finally, the BIA noted that Osawe "does not specifically contest the denial of protection under the CAT." (Id. at 4 n.1.) As a result, the BIA deemed that issue waived.

Osawe, now proceeding pro se, seeks review of the BIA's decision.

## II.

We have jurisdiction over Osawe's petition for review pursuant to 8 U.S.C. § 1252(a)(1). "We apply substantial evidence review to agency findings of fact, departing from factual findings only where a reasonable adjudicator would be compelled to arrive at a contrary conclusion." Mendez-Reyes v. Att'y Gen. of the U.S., 428 F.3d 187, 191 (3d Cir. 2005) (citing 8 U.S.C. § 1252(b)(4)(B)). While "[w]e review the denial of a continuance for abuse of discretion," Khan v. Att'y Gen. of the U.S., 448 F.3d 226, 233 (3d Cir. 2006), we exercise plenary review over any related procedural due process claims. See Singh v. Gonzales, 432 F.3d 533, 541 (3d Cir. 2006).

## III.

We commence our review with Osawe's challenge to the denial of his motion to continue. He argues that this denial violated his procedural due process rights. We

5

disagree. "To prevail on a due process claim, the alien must show substantial prejudice." Jarbough v. Att'y Gen. of the U.S., 483 F.3d 184, 192 (3d Cir. 2007) (internal quotation marks and citation omitted). That showing clearly was not made here, for Osawe did not submit any evidence with his I-360 petition and, as a result, failed to establish even prima facie eligibility for the relief sought in that petition.

We now turn to Osawe's claim for withholding of removal. To obtain that relief, an alien must show that it is more likely than not that he would suffer persecution in the country of removal on account of his race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1231(b)(3)(A); Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003). "Persecution" includes "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom," but "does not encompass all treatment that our society regards as unfair, unjust, or even unlawful or unconstitutional." Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir. 1993).

In this case, Osawe has not shown that the record compels a finding that the tribal group would likely persecute him if he returned to Nigeria.[1] More than a decade has passed since his departure from that country, and the tribal group appears to have transitioned to a council form of leadership. We agree with the BIA that Osawe has not shown that the tribal group would still want him as its leader, and we also agree that he

---

[1] Given this conclusion, we need not address the BIA's determination that Osawe is not a member of a "particular social group."

"failed to establish that [the group] would specifically target him because of his Christian religion." (A.R. at 4.) Accordingly, we will not disturb the BIA's rejection of his claim for withholding of removal.

Finally, we note that, since Osawe's brief does not challenge the denial of his CAT claim, we deem that issue waived. See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) (stating that "[a]n issue is waived unless a party raises it in its opening brief"). Even if he were to have raised that issue, we would lack jurisdiction to review it because he failed to present it to the BIA. See 8 U.S.C. § 1252(d)(1); Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003) (stating that "an alien is required to raise and exhaust his or her remedies as to each claim or ground for relief if he or she is to preserve the right of judicial review of that claim").

In light of the above, we will deny Osawe's petition for review.